FILED

2019 Jul-25  AM 09:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GILLIAN CARUSONE**, on behalf of herself and all others similarly situated, | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) CIVIL CASE NO. _____ ) |
| **NINTENDO OF AMERICA, INC.** | ) ) |
| **Defendant.** | ) |

## CLASS ACTION COMPLAINT

COMES NOW, Gillian Carusone, Plaintiff in the above-styled action, and brings this action both individually and on behalf of the class of persons defined below, files this Class Action Complaint against Nintendo of America, Inc., and alleges as follows:

## INTRODUCTION

1.     This is a class action lawsuit brought against Nintendo of America, Inc. ("Nintendo") by Plaintiff on behalf of herself and similarly situated individuals who purchased Nintendo Switch ("Switch") game systems and extra Joy-Con controllers. The Joy-Con Controllers that are part of the Switch contain a defect that can result in the joystick moving or activating on its own ("drifting") and manipulating game

play without manual operation by the user.  This defect affects the video game play on the device and thus compromises the Switch and Joy-Con controller's core functionality.

2.      Defendant, which manufactured, marketed, and sold the Switch and Joy-Con controllers, is aware of the defect through online consumer complaints, complaints made by consumers to Defendant, and through its own pre-release testing.

3.      Yet, notwithstanding its knowledge of its manufacturing defect, Defendant has failed to disclose the defect, routinely refuses to repair the joysticks without charge when the defect manifests, and never disclosed this material defect to consumers.

4.      As a result of Defendant's unfair, deceptive, and/or fraudulent business practices, owners of Switches, including Plaintiff, have suffered an ascertainable loss of money and/or property and/or value.  As a result of the joystick defect and the monetary costs associated with attempting to repair the game consoles, Plaintiff and the Class have suffered injury in fact, incurred damages, and otherwise been harmed by Defendant's conduct.

5.      Accordingly, Plaintiff brings this action to redress Defendant's violations of Alabama consumer fraud statutes, negligent misrepresentation, breach of implied warranty, unjust enrichment, and for violation of the federal Magnuson-

Moss Warranty Act.  Plaintiff seeks monetary relief for damages suffered, declaratory relief as to the parties' rights under Defendant's warranty, and public injunctive relief.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: i) there are 100 or more class members, ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and iii) there is minimal diversity because at least one Plaintiff and one Defendant are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this district and is subject to personal jurisdiction in this district.  Additionally, Defendant has advertised in this district and has received substantial revenue and profits from its sales of its products, including the Switch and Joy-Con controllers, in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims herein occurred, in part, within this district.

8.     This Court has personal jurisdiction over Defendant because it has conducted substantial business in this judicial district and intentionally and

purposefully placed its products into the stream of commerce within Alabama and throughout the United States.

## PARTIES

### Plaintiff

9.     Plaintiff Gillian Carusone is a citizen of the state of Alabama.

10.     On July 21, 2017, Ms. Carusone purchased a Nintendo Switch console, including two Joy-Cons included with the system for $299.99.

11.     After about 22 months of use, the left joy-stick on the included Joy-Cons began registering movement without being manually controlled, or "drifting." This resulted in the Joy-Con being unusable for general gameplay.

12.     By this time, the system and Joy-Cons were outside of the one-year warranty included by Nintendo on any Switch console purchase.  Ms. Carusone did not send the defective Joy-Con in for an out-of-pocket repair.

13.     As a result of this defect, Ms. Carsone had to purchase an entire set of new Joy-Cons for $69.00 on July 4, 2019.

14.     At the time she purchased her Switch, Ms. Carusone did not know about the defect, and Nintendo did not disclose it to her. Had she known about the defect, she would not have purchased her Switch or would have paid substantially less for it.

**Defendant**

15.    Defendant Nintendo of America, Inc. is incorporated in Washington State and maintains its principal place of business at 4600 150th Ave, NE, Redmond, WA 98052.

16.    Nintendo has and continues to advertise and sell its products, including the Switch and Joy-Cons throughout Alabama.

**FACTS**

17.    The Switch is a video gaming system and console launched by Nintendo in March 2017.  The Switch is a hybrid console that can be played both as a portable handheld controller (similar to the popular "Game Boy," also made by Nintendo) or can be used as a stationary system with visuals playing on a user's television screen similar to a PlayStation or X-Box.

18.    The Switch contains two wireless Joy-Con controllers, one on the right and one on the left, which can either be connected to the console screen for portable hand-held play, connected to a grip accessory to function like a traditional home console, or detached altogether to function as individual controllers for two players. The Joy-Con controllers are depicted in these images.[1]

19.    The Joy-Con controllers each have a joystick and several buttons that are used to control gameplay.

---

[1] https://www.nintendo.com/switch/system/ (last visited July 17, 2019).

20.    A new Switch starts at approximately $299.99 and includes one Joy-Con controller set (one left Joy-Con and one right Joy-Con).

21.    Additional Joy-Con controllers can be purchased for approximately $79.99 for a pair or approximately $49.99 for an individual left or right controller.

22.    The Joy-Con controllers are defective.  Specifically, the joystick on the Joy-Con suffers from a defect that results in it "drifting" on its own, i.e., affecting gameplay as if it had been touched but without actually having been touched by the user.

23.    Drifting interferes significantly with gameplay. Since the entire purpose of the Switch is to play video games and the purpose of the Joy-Con specifically is to control the gameplay in those video games, the defect goes to the device's central functionality and results in the device failing to perform its essential purpose.

24.    Plaintiff's experiences are by no means isolated or outlying occurrences.  Indeed, the internet is replete with examples of message boards and other websites where consumers have complained of the exact same Joy-Con defect.

25.    Many consumers report experiencing drift on multiple Joy-Con controllers, including replacement controllers they purchased separately from their Switches.

26.    Switch owners have publicly complained about the Joy-Con defect and drift. The following are some of the complaints submitted on forums and social media websites by Switch owners, which upon information and belief is monitored by Defendant,[2] (emphasis added):

Daniel328DT, Nintendo Support Forums, 11/17/17

"I'm currently having problems with the left joycon analog stick. Whenever I power on my left joycon, **the controller starts moving up even when I'm not touching the analog stick…"**[3]

Kingtata10, Reddit, 6/11/18

"[M]y original pair of Joy-Cons started drifting about a year after buying it at launch. I have 2 year warranty, **so I went and replaced them**. 3 months later and **it started happening again**…"[4]

CanyonWrn, Reddit, 7/28/18

"I have been one of the unlucky individuals who has experienced **excessive, long- term drift issues with all of my pairs of joy-cons. I own three pairs** between two consoles. **I have had to send joy-cons in for repair due to drifting eight times—sometimes, obviously, multiple times per joy-con**…"[5]

---

[2] The following complaints are reproduced as they appear online.  Any typographical errors are attributable to the original author.
[3] https://en-americas-support.nintendo.com/app/social/questions/detail/qid/70928/~/left-joycon-analog-stick-drifting-upwards
[4] https://www.reddit.com/r/NintendoSwitch/comments/8qbp78/left_joycon_analog_stick_drifting
[5] https://www.reddit.com/r/NintendoSwitch/comments/92pht5/we_really_shouldnt_discount_people_experiencing/

Stelter6, GameFAQs Message Board, 12/2/18

> "**[I] have two left joycons and the analog stick drifts on both of them**. One drifts left and the other drifts up. Basically input registers without me touching the stick. This happens attached and unattached. I'm not sure if it's my Switch or the joycons."[6]

truthfullycorncob, Reddit, 12/4/18

> "[I] have **two sets** that are a year and a half old and are **both starting to drift bad**…"[7]

Josh, Stack Exchange, 1/13/19

> "About 2 weeks ago I noticed that the left analog stick on my Nintendo Switch Joy-Cons started "drifting", that is, without touching the stick (when it was centered) it would register as off-center causing characters in games to start randomly walking in various directions, frequently downward. **This obviously makes playing games rather difficult**…"[8]

CyberSai, IGN Boards, 3/14/19

> "My left joycon has a **drifting control stick that constantly makes my character move in any game when I'm trying to stand still, or when I try to move in another direction it feels like a struggle.** Obviously this is making playing a lot of games unplayable, and I don't feel like buying all new joycons for $60. How do you repair it on your own without sending it into Nintendo?"[9]

---

[6] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77262127
[7] https://www.reddit.com/r/NintendoSwitch/comments/a30tm4/joy_cons_drifting/
[8] https://gaming.stackexchange.com/questions/344972/why-are-the-analog-sticks-on-my-nintendo-switch-controllers-all-starting-to-drif/345047
[9] https://www.ign.com/boards/threads/how-to-fix-drifting-control-stick-in-left- joycon.455340618/

Lizuka, Nintendo Life, 3/15/19

> "**Both of mine** have been drifting for a loooong time now. The right only slightly so for the longest time while the left got flat out unusable…**then I bought a replacement and now the right is rapidly getting just as bad**…"[10]

Chef_Brah, Reddit, 3/26/19

> "**Every friend of mine and me have had drift issue with joycons.** I just use pro controller now."[11]

drewc406, Reddit, 4/3/19

> "[I] bought my Switch about 18 months ago…**[I] noticed both sets of my joy cons begin giving me problems with drift on the left controller a couple months ago**, and so I started to pay attention to all the complaints. It's alarming that this is a known issue on an $80 controller, and yet Nintendo hasn't said boo about it…[A]re we expected to throw away expensive controllers and just buy new ones, or pay Nintendo to fix their mistakes?"
> "How have these controllers not been recalled? It's obviously a design flaw, so why not fix it? I am going to try and fix them myself, which I've seen work, but the fact that we have to try to do that is ridiculous…**[I] can't push down anymore, and that the drift has gotten so bad that even in the menu everything just goes straight to the top**…"[12]

Lucky777, GameFAQs, 4/8/19

> "[T]he switch will be my last nintendo console thanks to joycon drift . . . never have [I] seen such poorly designed controllers…**[I] will have to buy my 4th pair of joycons soon[.]** [T]hose will end up drifting too[,] they always do…"[13]

---

[10] http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick

[11] https://www.reddit.com/r/NintendoSwitch/comments/b5z81z/how_to_fix_controller_drift_on_the_switch_joycons/

[12] https://www.reddit.com/r/NintendoSwitch/comments/b972b2/the_left_joycon_failure_is_a_travesty_that_should/

[13] https://gamefaqs.gamespot.com/boards/189706-nintendo-switch/77626229

ikonino, Reddit, 5/18/19

"My right joy-con is drifting hard and **its a nightmare**, any tips for fixing it?"[14]

Razzy, Nintendo Life, 6/20/19

"**Four of my five** joycons developed drifting problems, one only a month after purchase…"[15]

Imoctopusman, Reddit, 7/14/19

"**I have 8 joy cons and only 2 left ones don't drift.** It's ridiculous. Had to buy a pro controller because of it."[16]

27.     Defendant is aware of the Joy-Con defect. In the first place, it has received droves of complaints from consumers about this issue both directly from consumers and through online forums and social media sites that it monitors.

28.     As of July 23, 2019, the Nintendo Customer Support front page included links to "Joy-Con Repair Setup," "Joy-Con Troubleshooting," and "Joy-Con Control Sticks Are Not Responding or Respond Incorrectly."[17]  These are shown before a visitor selects "Repairs."

---

[14] https://www.reddit.com/r/NintendoSwitch/comments/bq9tq6/my_right_joycon_is_drifting_ha rd_and_its_a/
[15] http://www.nintendolife.com/news/2019/07/guide_how_to_fix_a_drifting_nintendo_switch_joy-con_analogue_stick
[16] https://www.reddit.com/r/NintendoSwitch/comments/cczxwz/i_know_its_been_said_a_billion_times_but_nint endo/?utm_source=share&utm_medium=ios_app
[17] https://www.nintendo.com/consumer/index.jsp

29.    Defendant controls the manufacture, development, marketing, sales, and support for the Switch and Joy-Con controllers.

30.    Accordingly, Defendant was responsible for performing pre-release testing on the Switch and Joy-Con controllers which should have alerted it to the defect.

31.    The Switch was first released in March 2017 and is still on the market today.

32.    Despite knowing about the Joy-Con defect, Defendant continues to market and sell the Switch and Joy-Con controllers (through third-party retailers) without disclosing the defect.

33.    Defendant could easily disclose the defect to potential consumers in any number of ways, including on the product's packaging or its set-up screen.

34.    When a consumer experiences the defect and contacts Defendant, Defendant routinely refuses to offer any sort of fix free of charge when the Joy-Cons are outside of warranty.

35.    Due to Defendant's actions, Switch owners have suffered damages in the form of loss of use of the essential purpose and central functionality of their Switches and Joy-Con controllers, diminution of value of their Switches, and lost time and expense involved in contacting Nintendo and retailers about the problem.

## <u>CLASS ACTION ALLEGATIONS</u>

36.    This action is brought, and may properly proceed, as a class action, pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

37.    Plaintiff seeks certification of a Class defined as follows:

**<u>Alabama Class:</u>**

All residents of the state of Alabama who purchased a Nintendo Switch console or Joy-Con controllers.

38.    Excluded from the Class is Defendant, its affiliates, employees, officers and directors, persons or entities that purchased Switches or Joy-Con controllers for resale, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify, change, or expand the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

39.    **Numerosity:**  The Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiff believes, and on that basis alleges, that at least tens of thousands of Switches and Joy-Con controllers have been sold nationwide, a good number of that by residents of Alabama.

40.    **Existence/Predominance of Common Questions of Fact and Law:**
Common questions of law and fact exist as to all members of the Class.  These
questions predominate over the questions affecting individual Class members.
These common legal and factual questions include, but are not limited to:

a.   whether Defendant engaged in the conduct alleged herein;

b.   whether the Joy-Con controllers are defective;

c.   whether Defendant placed the Switch and Joy-Con controllers into the
stream of commerce in the United States without knowledge of the defect;

d.   whether Defendant knew or should have known of the defect, and if so,
how long it knew of this defect;

e.   when Defendant became of aware of the defect, if it became aware;

f.   whether Defendant knowingly failed to disclose the existence and cause
of the defect;

g.   whether Defendant's conduct alleged herein violates consumer
protection statutes, false advertising laws, warranty laws, and other laws asserted
herein;

h.   whether Plaintiff and Class Members overpaid for their Switches and/or
Joy-Con controllers in light of the defect;

i.   whether Plaintiff and Class Members have suffered an ascertainable
loss as a result of the loss of their Switch's functionality;

j.  whether Plaintiff and Class Members are entitled to damages, including punitive damages, as a result of Defendant's conduct alleged herein, and if so, the amount or proper measure of those damages; and

k.  whether Plaintiff and Class Members are entitled to equitable relief, including but not limited to restitution and/or injunctive relief as provided for under Alabama law.

41.  **Typicality**: Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a Switch and/or Joy-Con controllers, as did each member of the Class.  Plaintiff and Class members were injured in the same manner by Defendant's uniform course of conduct alleged herein.  Plaintiff and all Class members have the same claims against Defendant relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class Members.  Plaintiff and all Class members sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendant's wrongful conduct in selling and failing to remedy defective Joy-Con controllers.  Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class Members.

42.  **Adequacy:**  Plaintiff is an adequate representative for the Class because her interests do not conflict with the interests of the Class that she seeks to represent.  Plaintiff has retained counsel competent and highly experienced in complex class

action litigation—including consumer fraud class action cases—and they intend to prosecute this action vigorously.   The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

43.    **Superiority:** A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them by Defendant. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified.

44.    Defendant has acted, and refuses to act, on grounds generally applicable to the Class, thereby making appropriate final equitable and injunctive relief with respect to the Class as a whole.

## **CLAIMS FOR RELIEF**

### **COUNT 1**
### **VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
### **15 U.S.C. §§ 2301, *et seq.* ("MMWA")**

45.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

46.    Plaintiff and Class members are "consumers" within the meaning of the MMWA, 15 U.S.C. § 2301(3).

47.    Defendant is a "supplier" and "warrantor" within the meaning of the MMWA, 15 U.S.C. § 2301(4)-(5).

48.    The Switch and Joy-Con controllers are "consumer products" within the meaning of the MMWA, 15 U.S.C. § 2301(1).

49.    15 U.S.C. § 2310(d) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

50.    Defendant's express warranties are written warranties within the meaning of the MMWA, 15 U.S.C. § 2301(6).  The Switch's implied warranties are covered under 15 U.S.C. § 2301(7).

51.    Defendant breached its express and written warranties as described in more detail above and below.  Without limitation, the Joy-Con controllers are

defective and fail to operate as represented and warranted by Defendant and replacement devices are also subject to the same defect.

52.    Plaintiff and the other Class members have had sufficient direct dealings with either Defendant or its agents to establish privity of contract between Defendant, on one hand, and Plaintiff and each of the other Class members on the other hand.  Nonetheless, privity is not required here because Plaintiff and each of the other Class members are intended third- party beneficiaries of contracts between Defendant and their third-party retailers, and specifically, of Defendant's implied warranties.  The third-party retailers were not intended to be the ultimate consumers of the Switches and Joy-Con controllers and have no rights under the warranty agreements provided with the products; the warranty agreements were designed for and intended to benefit the consumers only.

53.     Affording Defendant a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here.  Indeed, Plaintiff has already done so, and Defendant has failed to eliminate the defect.

54.    At the time of sale or lease of each Switch and Joy-Con controller Defendant knew, should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Joy-Con controller's inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defect.  Under the circumstances, the remedies available under any informal

settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure under the MMWA and/or afford Defendants a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

55.    The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

56.    Plaintiff individually and on behalf of the other Class members, seeks all damages permitted by law in an amount to be proven at trial.

## COUNT II
## BREACH OF EXPRESS WARRANTY

57.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

58.    Defendant is a "merchant" as defined under the Uniform Commercial Code ("UCC").

59.    The Switches and Joy-Con controllers are "goods" as defined under the UCC.

60.    Defendant expressly warranted that the Switches and Joy-Con controllers were of high quality and, at a minimum, would actually work properly.

Defendant specifically warranted attributes and general functionality of the Switches and Joy-Con controllers.

61.    Defendant also expressly warranted that it would repair and/or replace defects in material and/or workmanship free of charge that occurred during the applicable warranty periods.

62.    Defendant breached its warranties by selling to Plaintiff and the Class members the Switches and Joy-Con controllers with a known defect, and which are not of high quality, and are predisposed to fail prematurely and/or fail to function properly. Defendant also breached its warranty by failing to provide an adequate repair when contacted by Plaintiff and the Class members following manifestation of the defect.

63.    These warranties formed the basis of the bargain that was reached when Plaintiff and other Class members purchased Switches and Joy-Con controllers.

64.    As a result of Defendant's actions, Plaintiff and Class members have suffered economic and other related damages.

65.    Plaintiff and the Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

## COUNT III
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

66.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

67.     Defendant is a "merchant" as defined under the UCC.

68.     The Switches and Joy-Con controllers are "goods" as defined under the UCC.

69.     A warranty that Switches and Joy-Con controllers were in merchantable quality and condition is implied by law in transactions for the purchase of Switches and Joy-Con controllers. Defendant impliedly warranted that the Switches and Joy-Con controllers were of good and merchantable condition and quality, fit for their ordinary intended use, including with respect to reliability, operability, and substantial freedom from defects.

70.     The Switches and Joy-Con controllers, when sold, and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which they are used. The Joy-Con defect renders the devices unmerchantable, as they are unreliable, partially or fully inoperable, and not substantially free from defects.

71.     Defendant was provided notice of the issues complained of herein by numerous complaints filed against them, including the instant lawsuit, within a reasonable amount of time.

72.     Plaintiff and the other Class members have had sufficient direct dealings with either Defendant or its agents to establish privity of contract between Defendant on one hand, and Plaintiff and each of the Class members on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the Class members are intended third-party beneficiaries of contracts between Defendant and its third-party retailers, and specifically, of Defendant's implied warranties. The dealers were not intended to be the ultimate consumers of the devices and have no rights under the warranty agreements; the warranty agreements were designed for and intended to benefit the consumers only.

73.     As a direct and proximate result of the breach of said warranties, Plaintiff and Class members were injured, and are entitled to damages.

## COUNT IV
## VIOLATION OF THE ALABAMA DECEPTIVE TRADE
## PRACTICES ACT (Ala. Code 1975 § 8-19-1 *et seq.*)

74.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

75.     Defendant's misrepresentations as to the quality of Switches and Joy-Con controllers and failure to disclose the Joy-Con defect violated the ALABAMA

DECEPTIVE TRADE PRACTICES ACT ("ADTPA") in that Defendant misrepresented that its products were of a particular standard, quality, and/or grade when they were of another (ALA. CODE § 8-19-5(7)).

76.    Defendant's misrepresentations and omissions were material to Plaintiff and Class members such that a reasonable person would consider them important in deciding whether to purchase Switches and/or Joy-Con controllers, and had Plaintiff and Class members known the truth, they would have acted differently.

77.    Plaintiff and Class members learned of the breach of the ADTPA less than two years ago.

78.    As a direct and proximate result of Defendant's violation of the ADTPA, Plaintiff and Class members suffered economic damages including, but not limited to, payment for additional Joy-Con controllers or payment for repair of Joy-Con controllers, loss of enjoyment of Switches and Joy-Cons due to the Joy-Con defect, and devaluation of Switches and Joy-Con controllers due to the Joy-Con defect.

79.    Pursuant to ALA CODE § 8-19-10, Plaintiff and Class members are entitled to up to three times actual damages at the court's discretion, injunctive relief, and costs of action and attorneys fees.

## COUNT V
## UNJUST ENRICHMENT (PLEADING IN THE ALTERNATIVE)

80.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

81.    This claim is pleaded in the alternative to the other claims set forth herein.

82.    As the intended and expected result of its conscious wrongdoing, Defendant has profited and benefited from the purchase of Switches or Joy-Con controllers with the defect.

83.    Defendant has voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Defendant's misconduct alleged herein, Plaintiff and the Class were not receiving devices of the quality, nature, fitness, or value that had been represented by Defendant, and that a reasonable consumer would expect. Specifically, Plaintiff and the Class members expected that when they purchased their devices, they would not be equipped with a defective joystick that would interfere with gameplay.

84.    Defendant has been unjustly enriched by its fraudulent, deceptive, unlawful, and unfair conduct, and its withholding of benefits and unearned monies from Plaintiff and the Class, at the expense of these parties.

85.    Equity and good conscience militate against permitting Defendant to retain these profits and benefits.

## COUNT VI
## DECLARATORY RELIEF (PLEADING IN THE ALTERNATIVE)

86.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

87.    This claim is pled in the alternative to the other claims set forth herein.

88.    Defendant manufactured, produced, tested, inspected, marketed, distributed, and sold the Switch and Joy-Con controllers, which contain the defect as described herein.

89.    There exists an actual controversy, over which this Court has jurisdiction, between Plaintiff and Defendant concerning their respective rights, duties and obligations for which Plaintiff desires a declaration of rights under Defendant's warranty. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

90.    Defendant warrants and advertises the reliability and workmanship of the Switch and Joy-Cons. Plaintiff contends that Defendant breached its warranties to Plaintiff and the Class members when they received their Switches and Joy-Cons

at the time of the purchase that were worth less than what was promised by Nintendo's warranties.

91.    Defendant's warranties explicitly warrant materials and workmanship and do not disclaim or exclude the defect or the type of damage suffered as a result of the defect in the Joy- Cons.

92.    Plaintiff seeks a declaration of the parties' respective rights, duties and obligations under Defendant's warranty and other promises made by Defendant related to the quality and workmanship of the Switches and Joy-Cons, and specifically that Plaintiff and the Class members are entitled to recover their out-of-pocket expenses related to repairs and/or replacement of their defective and unworkmanlike Switches and Joy-Cons under Defendant's warranty.

93.    Specifically, Plaintiff seeks a declaratory judgment that Defendant's warranty provides coverage for, and is to be read to include coverage for, repair or replacement of Joy- Cons that experience the defect.    Plaintiff also seeks a declaratory judgment that nothing in Defendant's warranty disclaims or excludes warranty coverage for the defect described herein.

94.    A judicial declaration is necessary in order that Plaintiff and the Class members may ascertain their rights and duties under Defendant's warranty. At this time, Plaintiff and the Class members have Switches and Joy-Cons that were defective upon purchase, and/or continue to remain defective.

95.     Plaintiff and Class members suffered damages at the time of their purchase and have paid or will have to pay future repair and/or replacement costs as a direct result of the Defect in the Joy-Cons.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, hereby requests that this Court enter an Order against Defendant providing the following:

A.     Certification of the proposed Class, appointment of Plaintiff and her counsel to represent the proposed Class, and notice to the proposed Class to be paid by Defendant;

B.     An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.     Injunctive relief in the form of a recall or free replacement program;

D.     Equitable relief in the form of buyback of the devices;

E.     Costs, restitution, damages, including punitive damages, penalties, and disgorgement in an amount to be determined at trial;

F.     An Order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

G.     An award of costs and attorneys' fees; and

H.      Such other or further relief as may be appropriate.

## **<u>JURY DEMAND</u>**

Plaintiff and Class members demand a trial by jury pursuant to Federal Rule

of Civil Procedure 38(b).

Respectfully submitted this 24th day of July, 2019.

<u>s/ Eric J. Artrip</u>
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
*Attorneys for the Plaintiff*
301 Washington St., Ste 302
Huntsville, Alabama 35801
Phone: (256) 532-2222
Fax:     (256) 513-7489
artrip@mastandoartrip.com

<u>Defendant to be served via Certified Mail:</u>

Nintendo of America, Inc.
c/o C. T. Corporation System
2 North Jackson St., Ste 605
Montgomery, AL 36104